[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and plaintiff, whose maiden name was Gulowsen, intermarried at Norwich, Connecticut on July 29, 1972; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage but there are three adult children of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
Based on the testimony of the parties, the breakdown of the marriage was caused by a complete lack of communication between the parties. There was no physical abuse or claims of infidelity.
The marriage was fine for the first ten years. Then the defendant became unhappy with his career, his wife and his family.
During May 1999, after the parties had returned from a vacation in Scotland, the defendant wrote a note to the plaintiff telling her he wanted a divorce When plaintiff asked defendant why he wanted a divorce, he told her he was unhappy, that she did not help him financially and for his depression. CT Page 12066
The plaintiff testified that she thought the marriage was fine; that she did not think that the defendant was depressed; that three days after they returned from a vacation in Scotland, he moved out of the bedroom. He said he was depressed but did not want to talk about it. As a result of the defendant's attitude, plaintiff finally left the marital home Labor Day weekend in 1999.
Although the plaintiff feels that there is a chance for a reconciliation of the marriage, the defendant disagrees. Therefore, it is obvious that the marriage of the parties has broken down with no hope for reconciliation. I find the defendant more at fault for the breakdown of the "marriage than the plaintiff.
The plaintiff, who was born October 14, 1953, appears to be in good health. She received a Bachelor of Arts in Sociology and Applied Relations from Eastern college in Willimantic, Connecticut. She incurred a student loan which is still outstanding. The defendant had been paying on the loan until the plaintiff vacated the marital home.
She is presently employed at Eastern Connecticut Area Agency on Aging and earns about $27,000.00 per year, which nets her weekly $450.00 more or less.
During the marriage the plaintiff was employed at TVCCA for three years but left because she was physically and emotionally exhausted. She remained unemployed for about eight months before she began her present employment in March 1999 at Eastern Connecticut Area Agency on Aging. She earns about $27,000.00 per year, which provides her with a net weekly income of $450.00.
The defendant, who was born May 20, 1953, appears to be in good physical health but is very emotional and depressed. Although he was treated for his condition, he claims it was ineffective.
The defendant has had an extensive education. He received a Bachelor of Science in General Studies in 1982 at the University of the State of New York; a Bachelor of Arts degree in History and Biblical Sciences from Florida Southern College; and a Master's Degree in Social Studies from Syracuse University in 1989.
In 1994 the defendant entered the University of Connecticut seeking a doctorate degree in History and Biblical Science. After unsuccessful attempts to complete his doctorate, the defendant withdrew from the program.
The defendant's educational expenses, other than his books, were paid CT Page 12067 by the Navy.
It appears that defendant's inability to complete his doctorate studies contributed to his present depression and emotional state which were evidenced during his testimony and the proceedings.
Since 1994 the defendant has taught as a part-time professor at Three Rivers Community College, Eastern State University, Connecticut College and the Coast Guard Academy. Presently, he intends to discontinue teaching in the future because of his present condition and has applied for employment at United Parcel Service or Airborne Express.
At the time of his marriage the defendant was on call to go into the United States Navy. After 22 years in the U.S. Navy, the defendant retired February 1, 1994 with the rank of Lieutenant. During his Navy career the parties lived in eight various stations.
Presently the defendant receives a net weekly income of $393.00 from his Navy pension. In addition he has a net weekly income of $381.00 from his teaching employment.
The parties own a cabin and 72 acres of land on Route 182, Cherryfield, Maine. It was purchased for $45,000.00 and is subject to a $36,000.00 mortgage and they own a Long Wharf Timeshare in Newport, Rhode Island which they purchased for $8,900.00. They also own 1000 shares of CDX valued at $260.00.
The defendant has been attempting, without success, to sell the timeshare. As to the Maine property the defendant hopes that the plaintiff's brother, who is residing there, will take over the property by assuming the mortgage.
The marital home which was located at 42 Harland Road, Norwich, Connecticut was foreclosed. The parties borrowed, as a student loan, $23,142.00 Which was used to make repairs and improvements to the marital residence. This loan has not been paid.
After the foreclosure of the marital home, the defendant purchased a trailer for $39,000.00. It is subject to a $36,000.00 mortgage. The defendant paid the down payment with his credit card. The defendant also has an IRA with the State Street Bank and Trust valued at $107,000.00; a TIA/CREF valued at $400.00; 100 shares of Memry valued at $130.00 and a 1995 Chevrolet S-10 pickup valued at $4,000.00.
The plaintiff owns a 1996 Jeep Cherokee valued at $18,000.00 which is subject to an $18,000.00 loan, a Chelsea Bank account of $20.00 and an CT Page 12068 account in a Maine bank of $50.00.
Based on the evidence, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. After considering the evidence and the provisions of C.G.S. § 46b-62, 66a, 81 and 82, it is further ordered that:
1. The defendant shall pay to the plaintiff $1.00 per year alimony for ten years, plaintiff's remarriage or the death of either party, whichever event is the first to happen. Said alimony is modifiable as to amount but not as to term. In the event of plaintiff's cohabitation with an unrelated male pursuant to C.G.S. § 46b-86(b), said alimony may be terminated or modified in accordance with the statute.
2. The parties shall jointly own the real estate in Cherryfield, Maine and the Long Wharf Timeshare in Newport, Rhode Island.
Each party shall cooperate in attempts to sell said property and timeshare and shall share equally the expenses of ownership of said real estate and timeshare.
If the defendant is successful in selling the timeshare in Newport, Rhode Island any net proceeds received shall be applied to the Navy Federal Credit Union Home Equity loan balance of $5,028.00. Any net proceeds remaining shall be divided equally between the parties.
3. The parties shall be jointly responsible for the Navy Federal Credit Union Home Equity loan balance of $5,028.00; the joint USAA Mastercard balance and the personal and student loan debts of $25,000.00 more or less.
a. If the plaintiff decides to go into bankruptcy to discharge her dischargeable debts or her share thereof, a bankruptcy discharge shall eliminate any obligation on her part to pay to the defendant her share of said debts even though the defendant may be called upon to pay all of said debts by his creditors.
4. The defendant shall transfer to the plaintiff 50% of his Navy Pension by proper and required documents. The plaintiff shall be named as survivor beneficiary of the pension if available. However, if this results in a decrease in the defendant's benefits, the plaintiff shall reimburse the defendant for such difference as each payment is received.
5. The plaintiff shall be entitled to receive 50% of the defendant's State Street Bank and Trust IRA. If a tax obligation arises out of such transfer the plaintiff shall pay for same out of tier share. CT Page 12069
6. The 1996 Jeep Cherokee shall be owned by the plaintiff. She shall be solely responsible for any loans on said vehicle and she shall hold the defendant harmless. Further, the plaintiff shall pay any outstanding motor vehicle taxes to the City of Norwich and any interest due thereon for the 1996 Jeep Cherokee.
7. The defendant shall own the 1995 Chevy S-10 pickup and shall be responsible for any loans on said vehicle and hold the plaintiff harmless from same.
8. Each party shall pay their own attorney's fees.
Vasington, JTR